UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN KEHRER REVOCABLE TRUST, Dated June 6, 2012, acting by and through its sole Trustee, Dawn R. Kehrer,<br><br>    Plaintiff,<br><br>    v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY,<br><br>    Defendant. | Case No. 24-cv-1786-JPG |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Page*, 2 F.4th at 634 (federal courts "must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction"); *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it").   The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 1) filed by defendant Norfolk Southern Railway Company:

- **Failure to allege the citizenship of a trust.**   A notice of removal asserting original diversity jurisdiction must allege the citizenship of individual parties.  28 U.S.C. § 1332(a)(1).  A trust does not have an independent citizenship based on the law under which it was formed, but has the citizenship of either its shareholder beneficiaries or the trustee party, depending on the kind of trust involved and the identity of the litigant.   *See Americold Realty Trust v. Conagra Foods*, 577 U.S. 378, 382-84 (2016); *Doermer v. Oxford Fin. Grp., Ltd.*, 884 F.3d 643, 647 (7th Cir. 2018); *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 691 (7th Cir. 2016) ("When the trustee sues (or is sued), the

trustee's citizenship matters.   And when the beneficiary sues or is sued, or a trust litigates in its own name, again the citizenship of the party controls.").   It is unclear whether the plaintiff in the underlying state court action is the trustee or the trust, and the Notice of Removal does not allege the citizenship of the trustee or the trust beneficiaries.

The Court hereby **ORDERS** that the defendant shall have up to and including **August 13, 2024,** to amend the faulty pleading to correct the jurisdictional defect.   *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.   Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.   The defendant need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: July 30, 2024**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**